**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 08-4660**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SHANTE BOWLES,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph R. Goodwin, Chief District Judge.  (2:07-cr-00133-1)

---

Submitted:  May 29, 2009          Decided:  June 15, 2009

---

Before WILKINSON and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Mary Lou Newberger, Federal Public Defender, Edward H. Weis, Assistant Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Charleston, West Virginia, for Appellant.  Joshua Clarke Hanks, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shante Bowles pled guilty pursuant to a written plea agreement to distribution of five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). The district court sentenced Bowles as a career offender to 188 months' imprisonment. Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he asserts there are no meritorious issues for appeal but states that Bowles's sentence is unreasonable because it is greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a) (2006). Bowles was notified of his right to file a pro se supplemental brief, but he did not do so. Finding no error, we affirm.

When determining a sentence, the district court must calculate the appropriate advisory Guidelines range and consider it in conjunction with the factors set forth in § 3553(a). Gall v. United States, 552 U.S. 38, __, 128 S. Ct. 586, 596 (2007). Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the Guidelines range," is for abuse of discretion. Id. at 591. Sentences within the applicable Guidelines range may be presumed by the appellate court to be reasonable. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

The district court followed the necessary procedural steps in sentencing Bowles, appropriately treating the

2

Guidelines as advisory, properly calculating and considering the applicable Guidelines range, and performing an "individualized assessment" of the § 3553(a) factors to the facts of the case. United States v. Carter, 564 F.3d 325, 329-30 (4th Cir. 2009) (internal quotation marks and citation omitted). Furthermore, Bowles's sentence, which is the low end of the advisory Guidelines range and well below the applicable statutory maximum, see 21 U.S.C.A. § 841(b)(1)(B) (West 1999 & Supp. 2008) (prescribing forty-year maximum for offenses involving five grams or more of cocaine base), may be presumed reasonable by this court. Thus, we conclude the district court did not abuse its discretion in imposing the chosen sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED